## MATTER OF HUNG

### In Visa Petition Proceedings

### A-14041878

*Decided by Regional Commissioner September 29, 1967*

Beneficiary, a computer programmer, who has only limited instruction and job experience as a programmer—a 95-hour course in IBM electronic data processing and employment as a programmer since May 1966—does not qualify as a member of the professions within the meaning of sections 101(a)(32) and 203(a)(3) of the Immigration and Nationality Act, as amended.

IN BEHALF OF APPLICANT: Paul Rubin, Esquire
50 West 57th Street
New York, New York 10019

This matter is before the Regional Commissioner on appeal from the denial of the visa petition to accord the beneficiary third preference immigrant classification as a member of the professions.

The facts in this case are discussed fully in the District Director's decision of June 28, 1967. In brief, the beneficiary seeks third preference status as a programmer. Her background in the field consists of a ninety-five-hour course in IBM 1401 Electronic Data Processing at RCA Institutes in New York City and employment as a programmer since May 1966. She previously received a Bachelor of Arts degree in Business Administration from National Taiwan University at Taipei, Taiwan.

The Occupational Outlook Handbook, to which the District Director makes reference in his decision, reflects that the education and experience requirements for programmers may vary considerably, depending on the nature of the problems with which they have to deal; that organizations which use their computers for scientific and engineering work usually require a college graduate with a degree in engineering, the physical sciences or mathematics; that employers who use computers to process business records generally place less emphasis on technical college training, although they prefer some education beyond the high school level; that college courses in electronic data

processing, accounting, business administration, engineering, or mathematics provide good preparation.

In view of the foregoing, it appears that a programmer may qualify as a member of the professions, depending on the individual's educational and employment background. The term "profession" as defined by section 101(a)(32) of the Immigration and Nationality Act, as amended, contemplates knowledge or learning—not merely skill—of an advanced type in a given field gained by a prolonged course of specialized instruction and study of at least baccalaureate level, which is a realistic prerequisite to entry into the particular field of endeavor (*Matter of Shin*, Int. Dec. No. 1606). In the absence of a baccalaureate degree from an accredited institution of learning, the individual may qualify as a member of the professions if he has acquired specialized training or experience which may be equated therewith (*Matter of Delis*, Int. Dec. No. 1657).

In the matter at hand, we find that the beneficiary's limited instruction and job experience in the field of programming does not qualify her for classification as a member of the professions within the meaning of the statute. This appeal, therefore, will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.